Scott Kalkin, State Bar No. 120791
**ROBOOSTOFF & KALKIN**
A Professional Law Corporation
369 Pine Street, Suite 610
San Francisco, California 94104
(415) 732-0282

Attorney for Plaintiff Darla Glover

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

Darla Glover,  )  ACTION NO.: CV 08 0921
               )
        Plaintiff, )  **COMPLAINT**
               )
    v.         )
               )
Liberty Life Assurance Company of )
Boston as Administrator and Fiduciary )
of the Employee Long-Term Disability )
Plan of Golden West and the Employee )
Long-Term Disability Plan of Golden West, )
               )
        Defendants. )

## JURISDICTION

1.   This action for declaratory, injunctive, and monetary relief is brought pursuant to § 502 of ERISA (29 U.S.C. § 1132), and the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has subject matter jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

Complaint                                1

## VENUE

2. Venue lies in the Northern District of California because, pursuant to ERISA § 502 (e) (2) (29 U.S.C. § 1132 (e) (2)), THE EMPLOYEE LONG-TERM DISABILITY PLAN OF GOLDEN WEST, (hereinafter the "PLAN"), is administered in this District and the wrongful conduct alleged herein took place in this District. Venue is also proper pursuant to 28 U.S.C. § 1391 (b), in that a substantial part of the events or omissions giving rise to plaintiff's claims occurred within this District.

## INTRADISTRICT ASSIGNMENT

3. This action should be assigned to the division in San Francisco pursuant to Civil Local Rule 3-2(c) and (d) because it arose from actions that occurred in the County of San Francisco, the location where a substantial portion of the long term disability claim which is the subject of this lawsuit was administered.

## PARTIES

4. At all relevant times, plaintiff DARLA GLOVER was, and is, a PARTICIPANT, as defined in ERISA § 3 (7) (29 U.S.C. § 1002 (7)), in the PLAN.

5. At all relevant times, defendant THE EMPLOYEE LONG-TERM DISABILITY PLAN OF GOLDEN WEST was an employee welfare benefit plan within the meaning of ERISA § 3 (1) (29 U.S.C. § 1002 (1)), sponsored by Golden West Financial Corporation and administered, at least in part, in San Francisco, California. At all relevant times, the PLAN offered long term disability benefits to the employees of Golden West Financial Corporation, including plaintiff, through an insurance policy issued by defendant LIBERTY LIFE ASSURANCE COMPANY OF BOSTON (hereinafter "LIBERTY MUTUAL") as policy number GF3-860-039005-01.

6. At all relevant times, defendant LIBERTY MUTUAL was a fiduciary of the PLAN

Complaint                                                                 2

within the meaning of ERISA § 3 (21), 29 U.S.C. § 1002 (21). At all relevant times, LIBERTY MUTUAL exercised control over the payment of long term disability benefits which are PLAN assets.

## FACTS COMMON TO ALL CLAIMS

7. Prior to her disability, plaintiff worked full-time as a Loan Placement Specialist for World Saving, a business entity owned by Golden West Financial Corporation.

8. In or about December 6, 2006, plaintiff filed a claim for long term disability benefits with the PLAN. Plaintiff had been suffering from prolonged sickness as a result of her permanent disability. As a result of this, and other acute and chronic medical problems, plaintiff was found to be disabled by her treating physician.

9. At all relevant times plaintiff complied, and continues to comply, with all terms and conditions of the PLAN. Additionally, at all relevant times, she has been, and remains, totally disabled under the terms of the PLAN.

10. On February 21, 2007, defendant denied plaintiff's claim for long term disability benefits under the PLAN, alleging that benefits were not payable because her disability was caused by a pre-existing medical condition.

11. On or about August 6, 2007, plaintiff timely appealed defendant's denial of her benefits. Among other things, plaintiff sent defendant additional documentation of her disability, proof that it was not caused by a pre-existing condition, and asked that it pay her benefits. Under the applicable Department of Labor Regulations, defendant Liberty Mutual's time within which to make a decision on the appeal expired on September 30, 2007.

12. On November 9, 2007, defendant Liberty Mutual informed plaintiff that it was waiving the premiums on her life insurance policy due to the fact that she was disabled.

13. On December 5, 2007, defendant Liberty Mutual denied plaintiff's appeal and informed her that no further review of her claim would be conducted. Defendant refused, and

Complaint                                         3

1  continues to refuse, to pay plaintiff disability benefits under the PLAN.

2      14.    Plaintiff has exhausted her administrative remedies.

3      15.    At all relevant times herein, plaintiff has been, and remains, totally disabled and entitled to benefits under the terms of the PLAN.

### FIRST CLAIM FOR RELIEF
(Claim for Plan Benefits Pursuant to ERISA § 502(a) (1) (B))

16.    Plaintiff realleges and incorporates as though set forth in full the allegations contained in paragraphs 1 through 15 of this complaint.

17.    ERISA § 502(a) (1) (B) (29 U.S.C. § 1132 (a) (1) (B)), permits a participant in a plan to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or to clarify her rights to future benefits under the terms of a plan.

18.    By, *inter alia*, failing to pay plaintiff long-term disability benefits, despite her complying with the PLAN's requirement of submitting proof of her total disability, and by relying on standards not articulated in the PLAN's provisions to deny her claim, defendant has violated, and continues to violate, the terms of the PLAN and plaintiff's rights thereunder.

**WHEREFORE,** plaintiff prays that the Court enter judgment against defendant as is hereinafter set forth.

### SECOND CLAIM FOR RELIEF
(For Equitable Relief Under ERISA §502(a) (3))

19.    Plaintiff incorporates as though set forth in full the allegations contained in paragraphs 1 through 18 of her complaint.

20.    ERISA § 502(a) (3) (29 U.S.C. § 1132 (a) (3)), permits a participant in a plan to bring a civil action to obtain equitable relief to redress any act or practice which violates the terms of a plan, the provisions of ERISA, or to enforce any term(s) of the plan, or provisions

Complaint                                               4

of ERISA.

21. In refusing to pay the benefits at issue herein, defendant has violated the terms of the PLAN and the provisions of ERISA by its acts, including, but not limited to: breaching its fiduciary duties under ERISA § 404 (29 U.S.C. § 1104); violating the terms of the PLAN; failing to furnish plaintiff with a decision relating to her claim for benefits within the time period specified by the applicable Department of Labor Regulations; acting in bad faith by denying plaintiff's claim in reliance upon standards not set forth in the PLAN; failing to provide specific reference to pertinent PLAN provisions on which the denial was based; failing to provide plaintiff with a description of what was needed to perfect her claim; and ignoring medical records and physicians' opinions which support plaintiff's claim.

**WHEREFORE,** plaintiff prays that the Court enter judgment against defendant as is hereinafter set forth.

### THIRD CLAIM FOR RELIEF

(For Penalties Under ERISA §502(a)(1)(A) [29 U.S.C. § 1132(a)(1)(A)])

22. Plaintiff incorporates as though set forth in full the allegations contained in paragraphs 1 through 21 of her complaint.

23. ERISA section 502(c) and the related Department of Labor regulations provide in pertinent part that any administrator who fails or refuses to comply with a request for any information which such administrator is required to furnish to a participant within thirty (30) days of a request therefor may be liable to the participant for penalties of up to $110.00 per day from the date of such failure or refusal, as well as for such other relief as the court deems proper.

24. On April 4, 2007, plaintiff mailed defendants, and each of them, requests for plan documents and other documents she, as a plan participant, was entitled to. Said requests were delivered to defendants by Federal Express on April 5, 2007.

25. Despite these requests, defendants have refused, and continue to refuse, to

Complaint                                                5

1 | provide plaintiff with the requested documents. As such, plaintiff is entitled to an award of
2 | penalties and other appropriate relief as set forth above.
3 |     WHEREFORE, plaintiff prays that the Court enter judgment against the defendants, and
4 | each of them, as follows:

### PRAYER FOR RELIEF

6 |     A.    Declare that defendants, and each of them, violated the terms of the PLAN and
7 | plaintiff's rights thereunder by failing to pay plaintiff her long-term disability benefits;
8 |     B.    Order defendants to pay plaintiff all long-term disability benefits due her pursuant
9 | to the terms of the PLAN, together with prejudgment interest on each and every such monthly
10 | payment through the date judgment is entered herein;
11 |     C.    Declare plaintiff's right to receive future long term disability benefit payments
12 | under the terms of the PLAN;
13 |     D.    Declare that LIBERTY MUTUAL has breached its fiduciary duty to plaintiff and
14 | the PLAN and enjoin LIBERTY MUTUAL from further violations of its fiduciary duty;
15 |     E.    Remove LIBERTY MUTUAL as a fiduciary of the PLAN and replace LIBERTY
16 | MUTUAL with an independent fiduciary;
17 |     F.    Award plaintiff pre-judgment interest on all damages requested herein;
18 |     G.    Assess penalties against defendants pursuant to 29 U.S.C. § 1132 (c) and the
19 | applicable Department of Labor Regulations, including 29 C.F.R. § 2575.502c-1, for each
20 | failure to timely produce documents and information;
22 | //
24 | //
26 | //

Complaint                                    6

H.    Award plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g) (29 U.S.C. § 1132 (g)); and

I.    Provide such other relief as the Court deems equitable and just.

**ROBOOSTOFF & KALKIN**

Dated: February 11, 2008    By: _____
Scott Kalkin
Attorneys for plaintiff

Complaint    7

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I.(a) PLAINTIFFS
DARLA GLOVER

## DEFENDANTS
THE EMPLOYEE LONG-TERM DISABILITY PLAN OF GOLDEN WEST; LIBERTY LIFE ASSURANCE OF BOSTON

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

San Francisco

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Scott Kalkin 120791, Roboostoff & Kalkin, 369 Pine Street, Suite 610, San Francisco, CA 94104   415-732-0282

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X]1 | [ ]1 | Incorporated or Principal Place of Business In This State | [ ]4 | [ ]4 |
| Citizen of Another State | [ ]2 | [ ]2 | Incorporated and Principal Place of Business In Another State | [ ]5 | [ ]5 |
| Citizen or Subject of a Foreign Country | [ ]3 | [ ]3 | Foreign Nation | [ ]6 | [ ]6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] Original Proceeding
- [ ] Removed from State Court
- [ ] Remanded from Appellate Court
- [ ] Reinstated or Reopened
- [ ] Transferred from Another district (specify)
- [ ] Multidistrict Litigation
- [ ] Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

(791 Empl. Ret. Inc. Security Act — circled)

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

[redacted]

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $_____
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES [X] NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND   [ ] SAN JOSE

DATE  2-12-08    SIGNATURE OF ATTORNEY OF RECORD  Scott