1  PAMELA E. COGAN (SBN 105089)
   KATHRYN C. CURRY (SBN 157099)
2  JOANN BABIAK (SBN 209535)
   ROPERS, MAJESKI, KOHN & BENTLEY
3  1001 Marshall Street, Suite 300
   Redwood City, CA 94063
4  Telephone:   (650) 364-8200
   Facsimile:    (650) 780-1701
5  pcogan@ropers.com, kcurry@ropers.com
   jbabiak@ropers.com
6
   Attorneys for Defendants
7  LIBERTY LIFE ASSURANCE COMPANY OF
   BOSTON; EMPLOYEE LONG-TERM
8  DISABILITY PLAN OF GOLDEN WEST

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                 SAN FRANCISCO DIVISION

12
   DARLA GLOVER,                          CASE NO. CV 08 0921 MMC
13
              Plaintiff,
14                                        DEFENDANTS LIBERTY LIFE
   v.                                     ASSURANCE COMPANY OF
15                                        BOSTON'S AND THE EMPLOYEE
   LIBERTY LIFE ASSURANCE                 LONG-TERM DISABILITY PLAN OF
16 COMPANY OF BOSTON as                   GOLDEN WEST'S ANSWER TO
   ADMINISTRATOR and FIDUCIARY of         PLAINTIFF DARLA GLOVER'S
17 the EMPLOYEE LONG-TERM                 COMPLAINT FOR RELIEF UNDER
   DISABILITY PLAN of GOLDEN WEST         ERISA (29 U.S.C. §1001 et.seq.)
18 and the EMPLOYEE LONG-TERM
   DISABILITY PLAN of GOLDEN WEST,
19
              Defendants.
20

21

22      Defendants LIBERTY LIFE ASSURANCE COMPANY OF BOSTON (hereinafter

23 "Liberty") and the EMPLOYEE LONG-TERM DISABILITY PLAN OF GOLDEN WEST

24 (hereinafter the "Plan") in answer to the complaint of plaintiff Darla Glover ("Glover") on file

25 herein, and to each and every cause of action contained therein, admits, denies and alleges as

26 follows:

27 1.   Answering the allegations contained within paragraph 1 of the complaint, these answering

28 defendants admit that jurisdiction is predicated, generally, under 29 U.S.C. §1332 et seq.

RC1/5086481.1/JUB                                              DEFENDANTS' ANSWER
                                                               CV08 0921 MMC

("ERISA") and that this Court has subject matter jurisdiction over the matter pursuant to 28 U.S.C. §1331. As to the remaining allegations contained in paragraph 1 of the complaint, these answering defendants deny each and every allegation contained therein.

2.    Answering the allegations contained within paragraph 2 of the complaint, these answering defendants admit that venue is proper within this judicial district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b). As to the remaining allegations contained in paragraph 2 of the complaint, these answering defendants deny each and every allegation contained therein.

3.    Answering the allegations contained within paragraph 3 of the complaint, these answering defendants admit that assignment to the San Francisco Division of this Court is proper. As to the remaining allegation contained in paragraph 3 of the complaint, these answering defendants deny the allegation contained therein.

4.    Answering the allegations contained within paragraph 4 of the complaint, these answering defendants admit on information and belief that plaintiff was a participant in the Long Term Disability Plan established by Golden West Financial Corporation. As to the remaining allegations contained in paragraph 4 of the complaint, these answering defendants deny each and every allegation contained therein.

5.    Answering the allegations contained within paragraph 5 of the complaint, these answering defendants admit that the Long Term Disability Plan established by Golden West Financial Corporation is an Employee Welfare Plan (hereinafter "The Plan") subject to and governed by ERISA. Liberty (erroneously identified in plaintiff's complaint thereinafter as "Liberty Mutual") and the Plan further admit that Liberty issued policy number GF3-860-039005-01 to Golden West Financial Corporation and insured the subject ERISA plan through said policy. As to the remaining allegations contained in paragraph 5 of the complaint, these answering defendants deny each and every allegation contained therein.

6.    Answering the allegations contained within paragraph 6 of the complaint, these answering defendants admit that Liberty is a claim administrator and plan fiduciary of an insured plan. As to the remaining allegations contained in paragraph 6 of the complaint, these answering defendants deny each and every allegation contained therein.

7. Answering the allegations contained within paragraph 7 of the complaint, these answering defendants admit on information and belief the allegations contained therein.

8. Answering the allegations contained within paragraph 8 of the complaint, these answering defendants admit that plaintiff filed a claim for long term disability benefits and that plaintiff had complained of various medical conditions for a period of time. As to the remaining allegations contained in paragraph 8 of the complaint, these answering defendants deny the allegations contained therein.

9. Answering the allegations contained within paragraph 9 of the complaint, these answering defendants deny the allegations contained therein.

10. Answering the allegations contained within paragraph 10 of the complaint, these answering defendants admit the allegations contained therein.

11. Answering the allegations contained within paragraph 11 of the complaint, these answering defendants admit that plaintiff appealed the denial of long term disability benefits and submitted additional documentation. As to the remaining allegations contained in paragraph 11 of the complaint, these answering defendants deny each and every one of the allegations contained therein.

12. Answering the allegations contained within paragraph 12 of the complaint, these answering defendants lack information and belief sufficient to admit or deny the allegations, and on that basis deny the allegations contained therein.

13. Answering the allegations contained within paragraph 13 of the complaint, these answering defendants admit that Liberty denied plaintiff's appeal by letter dated December 5, 2007. As to the remaining allegations, defendants deny the allegations on the grounds that they are an incomplete summary of the letter, which speaks for itself.

14. Answering the allegations contained within paragraphs 14 of the complaint, these answering defendants admit the allegations contained therein.

15. Answering the allegations contained within paragraph 15 of the complaint, these answering defendants deny the allegations contained therein.

16. Answering the allegations contained within paragraph 16 of the complaint, these

answering defendants incorporate by reference herein each of its admissions, denials and allegations contained in their responses to paragraphs 1 through 15 of the complaint as though fully set forth herein.

17. Answering the allegations contained within paragraph 17 of the complaint, these answering defendants admit the allegations contained therein.

18. Answering the allegations contained within paragraph 18 of the complaint, these answering defendants deny each and every one of the allegations contained therein. These answering defendants deny the plaintiff is entitled to plan benefits or any other relief prayed for in the complaint.

19. Answering the allegations contained within paragraph 19 of the complaint, these answering defendants incorporate by reference herein each of their admissions, denials and allegations contained in its responses to paragraphs 1 through 18 of the complaint as though fully set forth herein.

20. Answering the allegations contained within paragraph 20 of the complaint, these answering defendants admit that 29 U.S.C § 1132(a)(3) provides for such relief but deny that plaintiff is entitled to seek such relief or any other recovery in this action.

21. Answering the allegations contained within paragraph 21 of the complaint, these answering defendants deny each and every one of the allegations contained therein and deny that plaintiff is entitled to judgment or to any other relief prayed for in the complaint.

22. Answering the allegations contained within paragraph 22 of the complaint, these answering defendants incorporate by reference herein each of their admissions, denials and allegations contained in their responses to paragraphs 1 through 21 of the complaint as though fully set forth herein.

23. Answering the allegations contained within paragraph 23 of the complaint, these answering defendants admit 29 U.S.C § 1132(a)(1)(A) provides for such relief but deny that plaintiff is entitled to seek such relief or any other recovery in this action.

24. Answering the allegations contained within paragraph 24 of the complaint, defendant admits that Liberty and the Plan each received a letter dated April 4, 2007. As to the remaining

allegations contained within paragraph 24 of the complaint, these answering defendants deny each and every allegation contained therein.

25. Answering the allegations contained within paragraph 25 of the complaint, these answering defendants deny the allegation contained therein.

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, these answering defendants allege that said complaint fails to state facts sufficient to constitute a claim against these answering defendants.

### SECOND AFFIRMATIVE DEFENSE

#### (Conditions Precedent)

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, these answering defendants allege that at all times and places mentioned in the complaint herein, plaintiff failed to perform certain conditions precedent to the duty of defendants. These conditions precedent were imposed upon plaintiff by contract. The non-performance of said conditions excused defendants' obligations under the contract and has given defendants the right of disaffirmance, rescission and release; plaintiff is therefore barred from recovery herein.

### THIRD AFFIRMATIVE DEFENSE

#### (No Coverage/Barred by Terms and Conditions)

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, these answering defendants allege that the claims alleged against defendants, in whole or in part, do not fall within the scope of the coverage or are barred by the terms, conditions, definitions, exclusions, and the limitations contained in the group disability income policy issued by Liberty.

## FOURTH AFFIRMATIVE DEFENSE

### (Standard of Review)

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, these answering defendants allege that the claim determination is subject to abuse of discretion review, because the Plan unambiguously conferred discretion on defendant Liberty to interpret the Plan and determine plaintiff's eligibility for long-term disability benefits under it, and Liberty adhered to and complied with all practices and procedures prescribed by ERISA and its implementing regulations while processing and deciding plaintiff's claim.

## FIFTH AFFIRMATIVE DEFENSE

### (Defendant's Conduct Not An Abuse of Discretion)

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, these answering defendants allege that Liberty did not abuse its discretion, and did not operate under any conflict of interest that influenced its decision making process.

WHEREFORE, these answering defendants pray for judgment as follows:

1. That plaintiff takes nothing by her complaint;
2. For attorney's fees;
3. For costs of suit incurred herein; and
4. For such other and further relief as the Court deems proper.

Dated: ~~March~~ April 7, 2008

ROPERS, MAJESKI, KOHN & BENTLEY

By: /s/
PAMELA E. COGAN
KATHRYN C. CURRY
JOANN BABIAK

Attorneys for Defendants
LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, EMPLOYEE LONG-TERM DISABILITY PLAN OF GOLDEN WEST

1  PAMELA E. COGAN (SBN 105089)
   PCOGAN@ROPERS.COM
2  KATHRYN C. CURRY (SBN 157099)
   KCURRY@ROPERS.COM
3  JOANN BABIAK (SBN 209535)
   JBABIAK@ROPERS.COM
4  ROPERS, MAJESKI, KOHN & BENTLEY
   1001 Marshall Street, Suite 300
5  Redwood City, CA  94063
   Telephone:    (650) 364-8200
6  Facsimile:     (650) 780-1701

7  Attorneys for Defendants
   LIBERTY LIFE ASSURANCE COMPANY OF
8  BOSTON; THE EMPLOYEE LONG TERM
   DISABILITY PLAN OF GOLDEN WEST

9
                  UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11

12  DARLA GLOVER,                        CASE NO. CV 08 0921 MMC
13              Plaintiff,
                                         DEFENDANTS' CERTIFICATION OF
14  v.                                   INTERESTED ENTITIES OR PERSONS

15  LIBERTY LIFE ASSURANCE               [Civil Local Rule 3-16]
    COMPANY OF BOSTON as
16  ADMINISTRATOR and FIDUCIARY of
    THE EMPLOYEE LONG-TERM
17  DISABILITY PLAN OF GOLDEN WEST
    and THE EMPLOYEE LONG-TERM
18  DISABILITY PLAN OF GOLDEN
    WEST;
19
20              Defendants.
21
22       Pursuant to Civil L.R. 3-16, LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

23  and THE EMPLOYEE LONG-TERM DISABILITY PLAN OF GOLDEN WEST (hereinafter

24  "defendants") certify that the following listed persons, associations of persons, firms,

25  partnerships, corporations (including parent corporations) or other entities (i) have a financial

26  interest in the subject matter or in a party to the proceeding, or (ii) have a non-financial interest in

27  that subject matter or in a party that could be substantially affected by the outcome of this

28

RC1/5098310.1/JUB                                    DEFENDANTS' CERTIFICATION OF
                                                         INTERESTED ENTITIES

1  proceeding. These representations are made to enable the Court to evaluate possible
2  disqualification or recusal.
3
4  DARLA GLOVER                                    Plaintiff, Claimant
5  THE EMPLOYEE LONG-TERM                          Defendant, Plan Administrator
   DISABILITY PLAN OF GOLDEN WEST
6
7  LIBERTY LIFE ASSURANCE COMPANY                  Defendant, Insurer and claim administrator
   OF BOSTON
8
       In addition, the Parent Corporations of Liberty Life Assurance Company of Boston are:
9
   Liberty Mutual Holding Company, Inc.
10
   LMHC Massachusetts Holdings, Inc.
11
   Liberty Mutual Group Inc.
12
   Liberty Mutual Insurance Company
13
   Liberty Mutual Fire Insurance Company.
14
       No publicly held company own 10% or more of Liberty Life Assurance Company of
15
   Boston's stock.
16
   Dated: April 7, 2008                            ROPERS, MAJESKI, KOHN & BENTLEY
17
18
                                                   By: [signature]
19                                                 PAMELA E. COGAN
                                                   KATHRYN C. CURRY
20                                                 JOANN BABIAK

21                                                 Attorneys for Defendants
                                                   LIBERTY LIFE ASSURANCE
22                                                 COMPANY OF BOSTON; THE
                                                   EMPLOYEE LONG-TERM DISABILITY
23                                                 PLAN OF GOLDEN WEST
24
25
26
27
28