1  Scott Kalkin, State Bar No. 120791
**ROBOOSTOFF & KALKIN**
A Professional Law Corporation
2  369 Pine Street, Suite 610
San Francisco, California 94104
3  (415) 732-0282

4  Attorney for Plaintiff Darla Glover

5

6  Pamela E. Cogan, State Bar No. 105089
Kathryn C. Curry, State Bar No. 157099
Joann Babiak, State Bar No. 209535
7  **ROPERS, MAJESKI, KOHN & BENTLEY**
1001 Marshall Street
8  Redwood City, California 94063
(650) 364-8200
9

10  Attorneys for Defendant Liberty Life Assurance
Company of Boston and The Employee
Long-Term Disability Plan of Golden West
11

12                    IN THE UNITED STATES DISTRICT COURT

13                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

14

15  Darla Glover,                              )    ACTION NO: C 08-0921 MMC
                                               )
16                        Plaintiff,           )
                                               )    **JOINT CASE MANAGEMENT
17  v.                                         )    STATEMENT AND
                                               )    [PROPOSED] ORDER**
18  Liberty Life Assurance Company of          )
Boston as Administrator and Fiduciary          )    Date: May 23, 2008
19  of the Employee Long-Term Disability        )    Time: 10:30 a.m.
Plan of Golden West and the Employee           )    Dept: Courtroom 7, 19th Floor
20  Long-Term Disability Plan of Golden West,   )
                                               )
21                        Defendants.          )
                                               )
22  _____ )

23

24        Pursuant to the Court's Initial Case Management Scheduling Order in the above-entitled

25

26                                        1

27  RC1/5121249.1/JUB

28

1  action, the parties, through their counsel of record, jointly submit this Case Management

2  Statement and Proposed Order and request the Court to adopt it as its Case Management

3  Order in this case.

4

5                          **JURISDICTION.**

6        This action for declaratory, injunctive, and monetary relief is brought pursuant to § 502

7  of ERISA (29 U.S.C. § 1132), and the Declaratory Judgment Act, 28 U.S.C. § 2201.  This

8  Court has subject matter jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331

9  because this action arises under the laws of the United States.

10       Defendants Liberty Life Assurance Company of Boston and The Employee

11  Long-Term Disability Plan of Golden West have filed their answers in this matter.  There are

12  no other unserved parties to this action, nor do the parties currently have any intent to join any

13  additional parties in this matter.

14

15                   **BRIEF DESCRIPTION OF THE CASE.**

16       Plaintiff Darla Glover has brought this case claiming entitlement to long-term disability

17  benefits under the terms of a long-term disability plan obtained through her former employer

18  Golden West Financial.  The Employee Long Term Disability Plan of Golden West ("the Plan")

19  is governed by the provisions of the Employee Retirement Income Security Act of 1974

20  (ERISA) 28 U.S.C. section 1001, *et seq.*

21       In January of 2007, plaintiff filed a claim for long-term disability benefits claiming that

22  she was totally disabled.  Plaintiff's claim for disability benefits was sent to defendant Liberty

23  Life Assurance Company (hereinafter "Liberty"), the claim administrator under the Plan.

24

25  _____

26  JOINT CASE MANAGEMENT STATEMENT                    ACTION NO: C 08-0921 MMC

27  RC1/5121249.1/JUB                        2

28

1    After receipt and review of the claim for disability benefits, defendant Liberty denied the

2    claim on or about February 21, 2007.  Liberty's decision to deny benefits was upheld on

3    administrative appeal.

4                                    **FACTUAL AND LEGAL ISSUES.**

5    One factual issue in dispute between the parties is whether plaintiff is/was totally

6    disabled under the terms of the Plan.  An additional factual dispute involves whether plaintiff is

7    entitled to disability benefits under the terms of the Plan.

8    The principal legal issues in dispute are: 1) the proper standard and scope of review

9    this Court should apply in resolving this case; 2) whether the court's review is limited to the

10   administrative record or whether consideration of additional evidence will be allowed; 3)

11   whether plaintiff and defendant have fulfilled their respective duties under the terms of the

12   Plan; 4) whether plaintiff is entitled to payment of her claim for disability benefits under the

13   Plan; 5) whether penalties pursuant to ERISA section 502(c) and the related Department of

14   Labor regulations should be imposed against defendants for failure to produce plan

15   documents; and 6) whether either party is entitled to attorney's fees under the facts of this

16   case.

17   The parties presently know of no other significant unresolved issues such as service of

18   process, personal jurisdiction, subject matter jurisdiction or venue in this case.

19

20                                             **MOTIONS.**

21   The parties presently anticipate that this case will be resolved either by way of a one

22   day court trial, or on cross-motions for summary judgment, depending on the Court's

23   preference.  Defendants request the Court address the applicable standard of review on

24

25
_____

26   JOINT CASE MANAGEMENT STATEMENT                                ACTION NO: C 08-0921 MMC

27   RC1/5121249.1/JUB                                     3

28

1  Summary Judgment Motions in advance of the ERISA trial motions.  No other motions are

2  currently anticipated.

3

### AMENDMENT OF PLEADINGS.

5  The parties do not anticipate amending their respective pleadings at this time.

6

### EVIDENCE PRESERVATION.

8  Except as otherwise noted herein, the parties presently anticipate that the evidence in

9  this case will consist only of the administrative record.  As such, they are presently unaware of

10  any issues relating to evidence preservation.

11

### DISCLOSURES.

13  The parties have agreed to serve their initial disclosures by May 13, 2008.

14

### DISCOVERY.

16  Plaintiff requests an allowance of discovery by interrogatories, requests for production,

17  requests for admissions and depositions of various claims/ medical personnel involved in the

18  claims decisions in this matter.  Defendants contend that discovery is improper because the

19  Court's review will be limited to the administrative record before Liberty Life Assurance at the

20  time of its claims decision(s). Defendants further contend that in an ERISA action, only limited

21  discovery is permitted, if at all, and only if it is narrowly tailored and relates directly to

22  establishing a conflict of interest. (Abatie v. Alta Health & Life Ins. Co., 458 F. 3d 955, 970 (9th

23  Cir. 2006).)

24

25  _____

26  JOINT CASE MANAGEMENT STATEMENT                    ACTION NO: C 08-0921 MMC

27  RC1/5121249.1/JUB                         4

28

1

2 **CLASS ACTION.**

3     This lawsuit does not involve a class action suit.

4

5 **RELATED CASES.**

6     There are no related cases or proceeding pending before another judge of this court or

7 any other court or administrative body.

8

9 **RELIEF.**

10     The disability plan at issue provides that subject to certain offsets and a ninety (90) day

11 elimination period, plaintiff shall receive sixty percent (60%) of her monthly earnings if she is

12 "disabled" under the terms of the plan.  At issue are benefits from January of 2007 through the

13 present, less applicable offsets.  Additionally, should she prevail, plaintiff will be seeking

14 interest on her unpaid benefits and an award of attorney's fees pursuant to 29 U.S.C. §

15 1132(g).

16

17 **SETTLEMENT AND ALTERNATE DISPUTE RESOLUTION.**

18     The parties have agreed to participate in the Court-sponsored mediation program [ADR

19 L.R. 6].

20

21 **CONSENT TO MAGISTRATE JUDGE.**

22     Defendant does not consent to a magistrate judge for all purposes.

23

24

25 _____

JOINT CASE MANAGEMENT STATEMENT                     ACTION NO: C 08-0921 MMC

26

27 RC1/5121249.1/JUB                          5

28

1    //

2                          **OTHER REFERENCES.**

3         The parties do not believe this matter is appropriate for binding arbitration or any other

4    type of reference.

5

6                          **NARROWING OF ISSUES.**

7         As set forth above, this is a relatively straight forward ERISA denial of benefits case.

8    With the possible exception of determining what standard of review the Court will apply to this

9    matter, the parties do not currently perceive a need for further narrowing of the issues to be

10   resolved.  In the event the Court wishes to adjudicate the applicable standard of review

11   separately, the parties propose a hearing date of October 31, 2007.

12

13                          **EXPEDITED SCHEDULE.**

14        Because this is an ERISA action, the parties agree that a Pretrial Conference is not

15   necessary. (*Kearney v. Standard Insurance*, 175 F.3d 1084 (9th Cir. 1999).)  Therefore, with

16   respect to scheduling and planning, the parties agree to waive the Pretrial Conference and its

17   attendant requirements under the Civil Local Rules.

18

19                          **SCHEDULING.**

20        The parties request a trial date/ date for cross-motions for summary judgment in mid to

21   late February, 2009, and a law and motion cut-off date to be set accordingly.  Defendant

22   proposes November 7, 2008, as the last day to hear cross-motions regarding the applicable

23   standard of review.  Should the Court wish to proceed by way of trial, the parties expect this

24

25   _____

26   JOINT CASE MANAGEMENT STATEMENT                    ACTION NO: C 08-0921 MMC

27   RC1/5121249.1/JUB                      6

28

1   will be a court trial and estimate it will last less than one day.

2

3                    **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES.**

4           Pursuant to Local Rule 3-16 (b)(3) the parties certify that no interests are known other

5   than the following:

6           Plaintiff: Darla Glover.

7           Defendants Liberty and the Plan filed their "Certification of Interested Entities or

8   Persons" on April 9, 2008, as required by Civil Local Rule 3-16. The following listed persons,

9   associations of persons, firms, partnerships, corporations or other entities (1) have a financial

10  interest in the subject matter in controversy or in a party to the proceeding; or (2) have a non-

11  financial interest in the subject matter or in a party that could be substantially affected by the

12  outcome of the proceeding:

| | |
|---|---|
| Darla Glover | Plaintiff |
| The Employee Long Term Disability Plan of Golden West | Defendant ERISA Plan |
| Liberty Life Assurance Company of Boston | Defendant Insurer and claim Administrator |

13

14

15

16

In addition, the Parent Corporations of Liberty Life Assurance Company of Boston are:

17  Liberty Mutual Holding Company, Inc.

18  LMHC Massachusetts Holdings, Inc.

19  Liberty Mutual Group, Inc.

20  Liberty Mutual Insurance Company

21  Liberty Mutual Fire Insurance Company.

22          No publically held company owns 10% or more of Liberty Life Assurance Company of

23  Boston's stock.

24

25  _____

26  JOINT CASE MANAGEMENT STATEMENT                    ACTION NO: C 08-0921 MMC

27  RC1/5121249.1/UB                              7

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16    //

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

**ROBOOSTOFF & KALKIN**

Dated: May 16, 2008          By:_____/s/_____

Scott Kalkin
Attorneys for plaintiff

**ROPERS, MAJESKI, KOHN & BENTLEY**

Dated: May 16, 2008          By:_____

Pamela E. Cogan
Kathryn C. Curry
Joann Babiak
Attorneys for defendants Liberty Life
Assurance Company of Boston and the
Employee Long Term Disability Plan of Golden
West

## CASE MANAGEMENT ORDER

The parties' Joint Case Management Conference Statement is hereby adopted as the

Order of this Court and the parties are to comply therewith.

Dated:                                   _____

The Honorable Maxine M. Chesney
Judge of the United States District Court

JOINT CASE MANAGEMENT STATEMENT                ACTION NO: C 08-0921 MMC

RC1/5121249.1/JUB                    8